CLAUS BATHMANN, Appellant, *v.* CATHARINE BATHMANN, Appellant, Impleaded with LENA NEUSS, Respondent, and Others.

*Action of partition — receiver of the rents and profits — grounds for his appointment.*

In a partition suit application was made by a defendant having a very small interest in the premises in question, against the objection of the plaintiff and another defendant, for the appointment of a receiver of the real estate sought to be partitioned on the ground that one of the defendants was in the possession of the premises, and had collected the rents thereof, and refused to account for the same. This allegation was denied by such defendant, who expressed her willingness to render such account at any time and to pay her share of such rents to the defendant by whom such application was made.

*Held,* that it was erroneous to grant an order appointing a receiver when there was no evidence whatever that the defendant alleged to be in possession had acted with impropriety, or was unable to respond to any claim which might be made by the moving defendant.

APPEAL by the plaintiff, Claus Bathmann, and by the defendant Catharine Bathmann, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk

of the county of New York on the 16th day of April, 1894, appointing Catharine Bathmann receiver of the rents and profits of the premises sought to be partitioned by the action herein.

The order appointing the receiver provided, among other things, as follows :

" III. That said receiver be, and she hereby is, directed to demand, collect and receive from the tenant or tenants in possession of said premises, or other persons liable therefor, all the rents now due and unpaid or hereafter to become due or unpaid.

" IV. That the tenant or tenants in possession of said premises, and such other person or persons as may be in possession thereof, be and they are hereby directed to attorn as such tenant or tenants to said receiver, and until further order of the court to pay over unto such receiver all rents of such premises now due or unpaid or hereafter to become due or unpaid.

" V. That the said Catharine Bathmann within five days after the entry of this order render to the attorneys for the defendant Lena Neuss an account, under oath, of all rents heretofore collected and received by her from the tenant or tenants of said premises, and at the same time pay to the said defendant Lena Neuss, or to Rabe & Keller, her attorneys, for her, her share or portion of said rents, as shown by said account.

" VI. That the said receiver hereafter, and during the pendency of this action, shall render to the attorneys for the said Lena Neuss a monthly statement, under oath, of all rents collected and received by her from the tenant or tenants of said premises, and to pay to the said defendant Lena Neuss, or to Rabe & Keller for her, her share and portion of said rents."

*Samuel Campbell*, for the appellant.

*Rabe & Keller*, for the respondent.

VAN BRUNT, P. J. :

This action was brought for the partition of certain real estate in the city of New York; and one of the defendants, the owner of a small interest therein, made this motion for the appointment of a receiver upon the grounds that the defendant Catharine Bathmann was in possession of and collected the rents of the premises sought

to be partitioned and refused to account for the same. The defendant Catharine Bathmann denied ever having had any demand made upon her for an account of the rents, and expressed her willingness to render such account at any time, and to pay over the share of the moving defendant. The court thereupon made an order appointing a receiver; and both the plaintiff and the defendant Catharine Bathmann appealed therefrom.

There seems to have been no ground whatever for the appointment. The allegation of a refusal to acccount was expressly denied, and there is no evidence whatever that the defendant Catharine Bathmann has acted with impropriety, or that she is unable to respond to any claim of the moving defendant; and it is rather a peculiar feature that the only person who complains is the respondent, the owner of a very small interest in the estate sought to be partitioned.

There does not seem to be any ground whatever for the intervention of the court, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FOLLETT and BARRETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.